### TATE, *et al.*, *v.* McClure.

Where land is rented upon a condition to make certain repairs, and the occupant fails to perform the condition, the owner may consider the contract as rescinded, and sue for use and occupation.

*Appeal from Clark Circuit Court.*

Hon. E. J. SEARLE, Circuit Judge.

FLANAGIN, for appellants.

WITHERSPOON, for appellee.

CLENDENIN, J.

This was an action of assumpsit for the use and occupation of land. The defendant plead *non-assumpsit* and *set-off*, upon which issues being made up, the case was tried by a jury, and a verdict was rendered for the plaintiff of fifty dollars, for which judgment was rendered. The defendants moved for a new trial, and, their motion being overruled, they excepted to the opinion of the court, and having incorporated the instructions given and refused, and the evidence, in the bill of exceptions, they have appealed to this court.

The evidence in the case, as we find it in the bill of exceptions, tended to show that there was a contract for the renting of the land, the rent to be paid in repairs on the place; that the land was cultivated by the defendant; that the repairs were not made, and the value of the rent.

The evidence that Smith, one of the defendants, joined in the contract, is not of a very certain or definite character; but there is some evidence tending so to prove, and from which the jury might fairly infer such to be the fact; and under the uniform ruling of this court, that where there is not a total

want of evidence to support the verdict, this court will not interfere to disturb the verdict, we must hold that a motion for a new trial, in that respect, was properly overruled.

The instructions given, on the motion of the plaintiff, to which the defendants except, is: "If the jury believe, from the evidence, that the defendants, Tate and Smith, agreed to make certain repairs on the place for the rent, and neglected to do so, in whole or in part, the contract was forfeited, and the plaintiff is entitled to what the rent of the land is worth."

And the instructions asked by the defendants, which the court refused to give, and to which the defendants except, are:

1. "If the jury believe, from the evidence, that the defendants were, by special contract, to compensate the plaintiff for the use of the land in any other way than by the payment of money, the jury must find for the defendants."

2. "If the jury believe, from the evidence, that the land occupied was held under a contract for the year, and that the contract was made by one of the defendants only, then the jury must find for the defendants."

We can see no objection to the instruction given by the court at the instance of the plaintiff, or refusing the first instruction asked by the defendant.

In the view we take, that the jury might infer from the testimony that the contract of Tate and Smith to repair the place for the use of the land, and that they cultivated the land but neglected to make the repairs, the plaintiffs might well treat the contract as rescinded, and recover, for the use and occupation, in assumpsit. This court, in the case of *Miller v. Thompson, ad., &c., 22 Ark., 258*, held, in substance, that a refusal or neglect by one party to perform his part of a contract, justifies the other in treating it as rescinded, and authorizes him to sue in general *indebitatus assumpsit*. See, also, *Jackson v. Jones, 22 Ark., 158*, where the same principle was held.

The objection to the defendant's second instruction is removed by the third instruction given by the court, on motion of the defendants. The instruction given is: "The plaintiff can not

recover in this case, unless he prove a joint liability, and, unless the jury find such a liability, they must find for the defendants." Giving this instruction, as the court did, left the inquiry open for the jury to determine the liability under the contract, and their finding we are not at liberty to disturb.

Upon the whole record we are satisfied that the judgment is correct, and it is affirmed.